**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William L. Teske,<br><br>      Plaintiff,<br><br>vs.<br><br>City of Scottsdale, a municipal corporation,<br><br>      Defendant. | No. CIV 05-4217-PHX-MHM<br><br>**ORDER** |

On December 23, 2005, Plaintiff, proceeding pro se, filed a complaint and a motion to proceed in forma pauperis (Doc. 1 & 2). Plaintiff's motion to proceed in forma pauperis contains the relevant information for purposes of in forma pauperis status required by LRCiv 3.3, Local Rules of Practice of the District of Arizona. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

The motion for in forma pauperis requires the Court to screen the complaint. See 28 U.S.C. §§ 1915(a) and (e)(2). In screening a complaint filed with a request to proceed in forma pauperis, the Court must dismiss the complaint at any time if it is "frivolous or malicious" or if it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

Plaintiff states in his complaint that the jurisdiction of this Court has been invoked based on the "Americans with Disability Act," discrimination of the disabled, violation of

1  civil rights and injunctive and/or declaratory relief.  Plaintiff seeks an Order that removes
2  administrative proceedings to the United States District Court, issues a temporary restraining
3  order against the City of Scottsdale Code Enforcement squad and sets a hearing on his
4  request for a permanent injunction, and that imposes sanctions against the City of Scottsdale.
5  Plaintiff's complaint is one page in length.  Attached to Plaintiff's complaint is a letter
6  addressed to "To Whom This May Concern" followed by a typewritten summary that appears
7  to discuss the circumstances of the issuance of a code enforcement letter.  Also attached to
8  the complaint is a document that purports to be a "memorandum of an administrative sham
9  hearing."

10  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a
11  short and plain statement of the claim showing that the pleader is entitled to relief."  Rule
12  8(e)(1) of the Federal Rules of Civil Procedure states that "[e]ach averment of a pleading
13  shall be simple, concise, and direct."  A complaint having the factual elements of a cause of
14  action present but scattered throughout the Complaint and not organized into a "short and
15  plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal
16  Rules of Civil Procedure.  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.
17  1988); McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

18  Plaintiff's complaint does not set forth a proper basis for his claims for relief or
19  regarding federal jurisdiction. The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§
20  12101 et seq., for example, prohibits employment discrimination on the basis of disability
21  (Title I); and addresses public services and entities discrimination (Title II), and
22  accommodations and services discrimination (Title III).   See, Equal Employment
23  Opportunity Commission v. W.H. Braum, Inc., 347 F.3d 1192,  1195 (10th Cir. 2003).
24  Plaintiff has not identified the provision of the ADA under which he is bringing suit. For any
25  alleged civil rights violation, a plaintiff must identify the specific constitutional right he
26  claims has been violated and the federal statute or authority that provides for a cause of
27  action. The statutory provisions that relate to declaratory judgment, 28 U.S.C. §§ 2201 and
28  2202, do not confer federal subject matter jurisdiction and Plaintiff must state some

1 independent source of jurisdiction which he has failed to do.  See Nationwide Mut. Ins. Co.
2 v. Liberatore, 408 F.3d 1158, 1161-62 (9th Cir. 2005).

3       The complaint will be dismissed with leave to amend to allow Plaintiff to clearly
4 allege his claims in short, plain statements which demonstrate he is entitled to relief.  In any
5 amended complaint, Plaintiff must tell the Court: (1) the constitutional right or statutory
6 provision under which Plaintiff is proceeding; (2) the constitutional right or statutory
7 provision which Plaintiff believes has been violated; (3) exactly what the named
8 Defendant(s) did or failed to do and the date or dates of the act or omission alleged; (4) how
9 the action or inaction of the Defendant(s) is connected to the alleged violation; and (5) what
10 specific injury Plaintiff has suffered because of that Defendant's conduct. Plaintiff may set
11 forth his allegations in numbered paragraphs for purposes of clarity. Plaintiff further should
12 set forth a plain and concise statement of the relief he is seeking.

13       Plaintiff should take notice that if he fails to timely comply with every provision of
14 this Order, or any order of the Court entered in this matter, the action will be dismissed
15 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963
16 F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure to comply with any
17 order of the court).

18       **Accordingly;**

19       **IT IS ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc.
20 2) is granted.

21       **IT IS FURTHER ORDERED** that the complaint is dismissed without prejudice with
22 leave to amend.  Plaintiff shall have 30 days from the date this Order is filed in which to file
23 an amended complaint in order to state specific allegations against a Defendant(s) in
24 compliance with Rule 8, Fed.R.Civ.P., and to otherwise comply with this Order.  The
25 amended complaint must be retyped or rewritten in its entirety and may not incorporate any
26 part of the original complaint by reference.  Any amended complaint submitted by Plaintiff
27 should be clearly designated as such on the face of the document.
28

1   **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment
2   of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff fails to
3   timely file an amended complaint within 30 days from the date this Order is filed.
4   DATED this 3rd day of March, 2006.

_____
Mary H. Murguia
United States District Judge